NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* HEFNER | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff/Relator | : : | **OPINION** |
| v. | : : | Civil Action No. 01-CV-4078(DMC) |
| HACKENSACK UNIVERSITY MEDICAL CENTER, CENTER FOR INFECTIOUS DISEASES, P.A. and NORTH JERSEY PRIMARY CARE ASSOCIATES, P.A. | : : : : : : | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff/Relator Phil Hefner for 1) partial reconsideration of this Court's December 23, 2005 Order and Opinion granting Defendants' motions for summary judgment, and 2) an alternative remedy order pursuant to 31 U.S.C. 3730(B)(5). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motions are **denied**.

# I. Background[1]

---

[1] A recitation of the full background of this matter is unnecessary here and can be found in this Court's December 23, 2005 Opinion granting summary judgment. See Hefner v. Hackensack University Medical Center, et al., Civil Action No. 01-4078 (D.N.J. Dec. 23, 2005).

This Court's Opinion and Order issued December 23, 2005 granted summary judgment in favor of Defendants Hackensack University Medical Center, New Jersey Primary Care and the Center for Infectious Diseases.  In that same Opinion, the Court denied Plaintiff/Relator Phil Hefner's motion for partial summary judgment.  On February 11, 2006, Plaintiff filed the instant motion for reconsideration of that Opinion on the grounds that the Court applied an erroneous standard for the term "knowingly."  Plaintiff filed a simultaneous motion for an alternative remedy order pursuant to  31 U.S.C. § 3730(B)(5).  Defendants New Jersey Primary Care and Hackensack University Medical Center each filed opposition to Plaintiff's motions, and Defendants United States filed opposition to Plaintiff's motion for an alternative remedy.  Plaintiff filed a reply brief on February 9, 2006.

## II. Motion for Reconsideration

**A) Standard**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).  Such rule of law permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav.

Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

**B) Analysis**

The Court has carefully reviewed the present motion for reconsideration, as well as supporting and opposing documentation.  Plaintiff contends that this Court applied an erroneous standard for the "knowing" element under the False Claims Act, 31 U.S.C. ("FCA") §§ 3729 et seq. (2000).  However, Plaintiff has failed to convince the Court that it applied an incorrect standard to the facts of the case.  In sum, no manifest errors of law or fact or newly discovered evidence have been found.  Consequently, this Court finds no reason to change its earlier determination granting Defendants summary judgment.  Accordingly,Plaintiff's motion for reconsideration must be denied.

## II. Motion for Alternative Remedy Order Pursuant to 31 U.S.C. § 3730(B)(5)

In his motion for an alternative remedy order, Plaintiff claims that he is entitled to twenty-five to thirty percent of Defendant United States' ("the Government") repayment in this action, plus reasonable attorneys' fees and costs.  Plaintiff bases his claim on the fact that Defendant Hackensack University Medical Center repaid certain overcharges to the government, an event that occurred after Plaintiff claims to have discovered their double-billing.  As a result, Plaintiff maintains he is entitled to a share of that "recovery" under the alternative remedy provision of the FCA.

The FCA provides for a "private person" to bring a "civil action for a violation of section

3

3729 [of the False Claims Act] for the person and the United States Government." 31 U.S.C. § 3730(b)(1). It further provides for two situations in which a relator may be eligible for an award and the potential amount of the award if there is a federal recovery based on violation of the FCA. First, if the United States intervenes and "proceeds with an action brought by a person," the relator may be entitled to between 15 to 25 percent "of the proceeds of the action or settlement of the claim." 31 U.S.C. § 3730(d)(1). This provision is clearly inapplicable to the instant action because the United States declined to intervene in this action on February 28, 2001. The second situation in which a relator may recover is described in 31 U.S.C. § 3730(d)(2). Under that section, if the United States declines to intervene and the relator proceeds with his or her action, the False Claims Act provides that "the person bringing the action or settling the claim shall receive an amount which the Court decides is reasonable for collecting the civil penalty and damages. The amount shall not be less than twenty-five percent and not more than thirty percent of the proceeds of the action or settlement and shall be paid out of such proceeds." 31 U.S.C. § 3730(d)(2). The Government submits that this provision is also inapplicable in this case because "Relator failed to establish a violation of the FCA and judgment was entered in favor of the defendant. Thus, there are no "proceeds" and he is not entitled to an award for "collecting the civil penalty and damages" because none was or could have been collected." (Br. of Def. United States at 3).

      The Court agrees with the Government that Plaintiff is not entitled to recovery in the instant action. Further, the Court disagrees with Plaintiff's characterization of the repayment of monies to the Government as an alternative remedy under the FCA. If Relator had been

successful in his *qui tam* action, then he would have been entitled to recovery. However, having failed to secure a judgment in his favor, there are no "proceeds" in which Relator is entitled to share. As such, Plaintiff's motion must be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and Plaintiff's motion for an alternative remedy are **denied**. An appropriate Order accompanies this Opinion.

    S/   Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

| | |
|---|---|
| Date: | March 23, 2006 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |